**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rex HENLEY, Rafael Bustamante,**
**Willie McGowan, and Garey West,**
**Defendants–Appellants.**

Nos. 96–50697, 97–50015,
97–50020, 97–50060.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 2000.

Decided Feb. 7, 2001.

Before FERGUSON, BOOCHEVER, and REINHARDT, Circuit Judges.

MEMORANDUM [1]

Rex Henley, Rafael Bustamante, Willie McGowan, and Garey West ("Appellants") appeal their convictions for conspiracy to possess and distribute twelve kilograms of cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). In this memorandum disposition, we deny their appeals, except with respect to their new trial motions, which we address in a published opinion filed concurrently herewith.

A. Appellants contend that the district court committed reversible error by admitting the statements of deceased co-conspirator Eric Manning through the testimony of Denise Manning under the co-conspirator exception or, alternately, as declarations against penal interest. We conclude that the district court did not abuse its discretion in determining that both Denise and Eric Manning were co-conspirators and that the statements in question were made in furtherance of the conspiracy. Accordingly, we need not decide whether the statements were admissible under any other theory.

B. Appellants next contend that the district court erred in determining that the drug conspiracy continued until Sep-

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tember 8, 1993, and in admitting statements in furtherance of the conspiracy as well as statements made after that date as admissions of the declarants. A conspiracy is deemed to continue until "there is affirmative evidence of abandonment, withdrawal, disavowal, or defeat of the object of the conspiracy." *United States v. Cruz,* 127 F.3d 791, 794 (9th Cir.1997). Here, there was no such evidence. Accordingly, the district court did not abuse its discretion in ruling that the conspiracy continued until September 8, 1993, and in admitting statements made in furtherance of the conspiracy. Nor did the court abuse its discretion in admitting post-conspiracy statements by Bustamante and Alejandro Cuevas under Federal Rule of Evidence 801(d)(2)(A).

■ C. Appellants argue that the district court erred in admitting the out-of-court statements of Angela Wallace, a California attorney, either as statements made in furtherance of a conspiracy to obstruct justice or, in the alterative, as statements by an authorized agent. Although appellants' arguments have some merit, we conclude that any error in admitting Wallace's statements was harmless in light of the substantial evidence linking all four appellants to the drug conspiracy.

■ D. Appellants argue that the district court erred in failing to charge the jury with a multiple conspiracy instruction. Although defense counsel proposed such an instruction, they did not object when the district court declined to include it in the instructions given to the jury. Appellants concede that in such circumstance, our review is for plain error. In general, plain error will be found only "if the error was highly prejudicial and there was a high probability that the error materially affected the verdict." *United States v. Bosch,* 951 F.2d 1546, 1548 (9th Cir.1991). Given the weight of the evidence, the er-

ror, if any, in failing to give the requested instruction cannot meet the plain error standard, and appellants are not entitled to reversal on this ground.

■ E. Appellants contend that the district court abused its discretion by admitting, on redirect examination, statements from a witness's post-arrest interview that served to clarify portions of the interview upon which defense counsel had already cross-examined the witness. Although we agree with appellants that some of the statements in question exceeded the proper bounds of Federal Rule of Evidence 801(d)(1)(B), we do not agree that the error substantially affected the verdict. Accordingly, appellants have not established that the evidentiary error entitles them to a new trial.

■ F. Appellants McGowan and Bustamante contend that the district court erred in admitting evidence of their prior bad acts under Federal Rule of Evidence 404(b). Although the district court may have erred in admitting some of the challenged evidence—namely, drug paraphernalia seized from the apartment in which McGowan was arrested, and evidence that Bustamante had in the past been found with small quantities of drugs for personal use—we need not determine whether the court abused its discretion because the error in both cases was harmless. The evidence against both McGowan and Bustamante was strong: multiple witnesses and phone records linked them to the conspiracy and described their active participation in it. Accordingly, they are not entitled to relief on this ground.

■ G. Appellants argue that *ex parte* contacts between the prosecutors and the trial judge violated their right to be present at all stages of the proceedings, and that the judge erred in failing to disqualify himself from further proceedings *sua*

*sponte.* Appellants contend that, at the very least, they should be resentenced by a different judge, because the district judge was exposed to prejudicial information about the appellants and they were afforded no opportunity to rebut the prosecution's *in camera* allegations. Although we agree that some of the contacts between the prosecution and the district court were troubling, we do not agree that those contacts require reversal of appellants' convictions. With respect to resentencing, all four appellants were sentenced either at the bottom of the Sentencing Guidelines range or to the statutory minimum for their offenses. Accordingly, remand for resentencing by a different judge is not warranted.

H. Finally, appellants contend that even if their allegations of trial error do not individually warrant reversal, the cumulative effect of those errors compels this court to reverse their convictions. Having already determined that most of appellants' allegations lack merit, we conclude that any errors that did occur during appellants' trial were harmless, individually and cumulatively, in light of the weight of the evidence presented.

Appellants' appeal is DENIED, except as to the new trial motions.